UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

PATRICK JOSEPH,

                                         Plaintiff,

                    -against-

NEW YORK CITY POLICE DEPARTMENT
DETECTIVE RICHARD KENNEY, in his individual and
in his official capacities, NEW YORK CITY POLICE
DEPARTMENT LIEUTENANT AUGUST ROSSY, in his
individual and in his official capacities, "JOHN DOES", in
their individual and in their official capacities, EVAN
RUSTER,

                                     Defendants.

----------------------------------------------------------------------- x

**ANSWER ON BEHALF OF
DEFENDANTS KENNEY
AND ROSSY**

Jury Trial Demanded

08 Civ. 00004 (GBD)

        Defendants Richard Kenney and August Rossy, by their attorney, Michael A.

Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint,

respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to proceed as stated therein.

7.    Deny paragraph "7" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to seek relief and invoke the jurisdiction of this Court as stated therein.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Admit the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except state that the allegation that defendants Rossy and Kenney's actions were "taken incidental to the otherwise lawful exercise of their duties and functions as New York City Police Officers and as employees and agents of the City of New York" is a conclusion of law, rather than an averment of fact, to which no response is required.

14.    Paragraph "14" of complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

15.    Paragraph "15" of complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph "52" of the complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71.      Admit the allegations set forth in paragraph "71" of the complaint.

72.      Deny the allegations set forth in paragraph "72" of the complaint, except admit that at the time he made his complaint, defendant Ruster informed police officers that the last time he had been at the apartment was February 23, 2006 and that he had left the door unlocked.

73.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74.    Deny the allegations set forth in paragraph "74" of the complaint, except admit that when defendant Kenney went to the apartment on or about February 28, 2006, the door to the apartment was unlocked and there did not appear to be signs of a forced entry.

75.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint, except admit that on or about February 28, 2006, defendant Kenney had a telephone conversation with an individual he believed to be defendant Ruster, regarding the alleged burglary defendant Ruster reported to the New York City Police Department.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82.    Deny the allegations set forth in paragraph "82" of the complaint, except admit that, from the time he made his complaint on or about February 26, 2006 through March 8, 2006, defendant Ruster did not inform defendant Kenney or the police officer who took defendant Ruster's complaint that he had granted permission to employees or residents of the building to remove any items from his apartment, nor did he inform defendant Kenney or the

officer who took his original complaint that he had left the door to his apartment unlocked so that employees or residents of the building could remove property from his apartment.

83.    Deny the allegations set forth in paragraph "83" of the complaint, except admit that an individual defendant Kenney believed to be defendant Ruster informed defendant Kenney during a telephone conversation on or about February 28, 2006 that he had left the door to his apartment unlocked in case the realtor needed access to the apartment.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88.    Deny the allegations set forth in paragraph "88" of the complaint, except admit that plaintiff was arrested on or about March 8, 2006.

89.    Deny the allegations set forth in paragraph "89" of the complaint, except admit that during defendant Kenney's February 28, 2006 conversation with an individual he believed to be defendant Ruster, this individual could not provide all of the information regarding the missing property that defendant Kenney requested.

90.    Deny the allegations set forth in paragraph "90" of the complaint, except admit that plaintiff was arrested on or about March 8, 2006.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint.

92.    Deny the allegations set forth in paragraph "92" of the complaint, except admit that defendant Ruster did not inform defendant Kenney that he was "endeavoring to circumvent Schwab House rules regarding removal of items from his deceased mother's residence."

93.    Deny the allegations set forth in paragraph "93" of the complaint.

94.    Deny the allegations set forth in paragraph "94" of the complaint, except admit that on or about February 28, 2006, defendant Kenney learned that there were video cameras at locations within the Schab Building.

95.    Deny the allegations set forth in paragraph "95" of the complaint, except admit that defendant Kenney had a conversation with Lance Kolb about the alleged burglary of defendant Ruster's apartment on or about February 28, 2006.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

97.    Admit the allegations set forth in paragraph "97" of the complaint.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99.    Deny the allegations set forth in paragraph "99" of the complaint.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    Admit the allegations set forth in paragraph "101" of the complaint.

102.    Deny the allegations set forth in paragraph "102" of the complaint, except admit that defendant Kenney went to defendant Ruster's building on or about March 8, 2006 where he viewed video of a dryer being removed from the building.

103.    Deny the allegations set forth in paragraph "103" of the complaint, except admit that John Warpole identified one of the individuals who removed the dryer as being Leo Palmero.

104.    Deny the allegations set forth in paragraph "104" of the complaint, except admit that Leo Palmero is not the plaintiff in this matter.

105.    Deny the allegations set forth in paragraph "105" of the complaint, except admit that plaintiff and two other individuals were observed on the videotape when the dryer was being removed.

106.    Admit the allegations set forth in paragraph "106" of the complaint.

107.    Deny the allegations set forth in paragraph "107" of the complaint.

108.    Deny  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint, except deny that defendant Kenney "independently acertain[ed]" that the dryer was inoperative before plaintiff was arrested and admit that defendant Ruster never informed defendant Kenney that the dryer was inoperative.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny the allegations set forth in paragraph "110" of the complaint.

111.    Deny the allegations set forth in paragraph "111" of the complaint, except admit that Leo Palmero was taken into police custody on or about March 8, 2006 and that defendant Kenney observed Mr. Palmero removing a dryer from the Schwab House.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint, except admit that Leo Palmero was at the Schwab House at the time he was taken into police custody.

113.    Deny the allegations set forth in paragraph "113" of the complaint, except admit that on or about March 8, 2006, Mr. Palmero was taken to the 20th Precinct, and that defendant Kenney is a detective assigned to the 20th Precinct.

114.    Deny the allegations set forth in paragraph "114" of the complaint, except admit that Leo Palmero told defendant Kenney that Fateh Alqalisa asked him to take the dryer and transport it to Mr. Alqalisa's home.

115.    Deny the allegations set forth in paragraph "115" of the complaint, except admit that Mr. Palmero informed defendant Kenney that plaintiff and another individual told Mr. Palmero that the contents of the room were abandoned and they could take anything they wished.

116.    Deny the allegations set forth in paragraph "116" of the complaint.

117.    Deny the allegations set forth in paragraph "117" of the complaint.

118.    Deny the allegations set forth in paragraph "118" of the complaint.

119.    Deny the allegations set forth in paragraph "119" of the complaint, except admit that on or about March 8, 2006, Leo Palmero was detained at the 20th precinct and that plaintiff was arrested and transported to the 20th precinct.

120.    Deny the allegations set forth in paragraph "120" of the complaint, except admit that plaintiff told defendant Kenney that defendant Ruster had given plaintiff permission to remove items from the apartment and that he went with Mr. Palmero to remove the dryer.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the complaint.

122.    Deny the allegations set forth in paragraph "122" of the complaint.

123.    Deny the allegations set forth in paragraph "123" of the complaint.

124.    Deny the allegations set forth in paragraph "124" of the complaint, except admit that defendant Kenney consulted with defendant Rossy during the course of the

investigation and that at some point defendant Rossy advised defendant Kenney to talk with defendant Ruster.

125.    Deny the allegations set forth in paragraph "125" of the complaint.

126.    Deny the allegations set forth in paragraph "126" of the complaint.

127.    Deny the allegations set forth in paragraph "127" of the complaint.

128.    Deny the allegations set forth in paragraph "128" of the complaint, except admit that Fateh Alqalisa told defendant Kenney that Michael Rivera removed china and silverware from defendant Ruster's residence.

129.    Deny the allegations set forth in paragraph "129" of the complaint, except admit that at some point defendant Kenney informed the building management that he was looking for Michael Rivera.

130.    Deny the allegations set forth in paragraph "130" of the complaint, except admit that the New York County District Attorney's Office declined to prosecute Mr. Palermo and he was released shortly thereafter.

131.    Deny the allegations set forth in paragraph "131" of the complaint.

132.    Deny the allegations set forth in paragraph "132" of the complaint, except admit that plaintiff was arrested on or about March 8, 2006 and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding when plaintiff was arraigned and whether any bail was set at the arraignment.

133.    Deny the allegations set forth in paragraph "133" of the complaint, except admit that defendant Keneny executed the criminal court complaint in this matter, and respectfully refer the Court to that document for a recitation of the contents thereof.

134.    Deny the allegations set forth in paragraph "134" of the complaint.

135.    Deny the allegations set forth in paragraph "135" of the complaint.

136.    Deny the allegations set forth in paragraph "136" of the complaint.

137.    Deny the allegations set forth in paragraph "137" of the complaint.

138.    Deny the allegations set forth in paragraph "138" of the complaint.

139.    Deny the allegations set forth in paragraph "139" of the complaint, except admit that Michael Rivera came to the 20th Precinct on or about March 9, 2006, and that he told defendant Kenney that he took china and silverware from the apartment.

140.    Deny the allegations set forth in paragraph "140" of the complaint, except admit that Michael Rivera was arrested on or about March 9, 2006, and that the New York County District Attorney's Office declined to prosecute Fateh Alqalisa.

141.    Deny the allegations set forth in paragraph "141" of the complaint.

142.    Deny the allegations set forth in paragraph "142" of the complaint, except admit that a dryer was recovered.

143.    Deny the allegations set forth in paragraph "143" of the complaint, except admit that china and silverware were recovered.

144.    Deny the allegations set forth in paragraph "144" of the complaint, except admit that plaintiff was arrested on March 8, 2006, that the New York County District Attorney's Office declined to prosecute Fateh Alqalisa, and that detective Kenney spoke to defendant Ruster on or about March 9, 2006.

145.    Deny the allegations set forth in paragraph "145" of the complaint, except admit that on or about March 9, 2006 defendant Kenney asked defendant Ruster to come to the 20th Precinct to answer some questions that had arisen during the course of the investigation.

146.    Admit the allegations set forth in paragraph "146" of the complaint.

147.    Admit the allegations set forth in paragraph "147" of the complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the complaint.

149.    Deny the allegations set forth in paragraph "149" of the complaint, except admit that defendant Kenney informed defendant Ruster that the individuals who were arrested as a result of this incident claimed that they had permission to remove the property, and respectfully refer the Court to the document mentioned for a recitation of its contents.

150.    Deny the allegations set forth in paragraph "150" of the complaint, except admit that defendant Ruster informed defendant Kenney that he had offered other items to the employees in the past, and respectfully refer the Court to the document mentioned for a recitation of its contents.

151.    Deny the allegations set forth in paragraph "151" of the complaint, except admit that defendant Ruster informed defendant Kenney that there was a possibility that some employees misunderstood him.

152.    Deny the allegations set forth in paragraph "152" of the complaint, except admit that defendant Ruster informed defendant Kenney that he was happy to get his property back and that he did not wish to press charges, and respectfully refer the Court to the document mentioned for a recitation of its contents.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the complaint, except admit that defendant Ruster did not ask defendant Kenney to keep the investigation open as to the allegedly unrecovered items, and that the investigation was closed.

154.    Deny the allegations set forth in paragraph "154" of the complaint, except admit that defendant Ruster was not arrested for filing a false report.

155.    Deny the allegations set forth in paragraph "155" of the complaint, except admit that defendant Kenney informed defendant Ruster that he would be required to inform the New York County District Attorney's Office of the contents of their conversation, that defendant Kenney informed defendant Ruster that he does not have the authority to stop a criminal prosecution, and respectfully refer the Court to the document mentioned for a recitation of its contents.

156.    Deny the allegations set forth in paragraph "156" of the complaint, except admit that the investigation was closed.

157.    Paragraph "157" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the complaint.

163.    Deny the allegations set forth in paragraph "163" of the complaint.

164.    Deny the allegations set forth in paragraph "164" of the complaint.

165.    Deny the allegations set forth in paragraph "165" of the complaint.

166.    Deny the allegations set forth in paragraph "166" of the complaint.

167.    Deny the allegations set forth in paragraph "167" of the complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the complaint.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the complaint.

170.    Deny the allegations set forth in paragraph "170" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

171.    In response to the allegations set forth in paragraph "171" of the complaint, defendant repeats and realleges paragraphs "1" through "170" of this answer as if fully set forth herein.

172.    Deny the allegations set forth in paragraph "172" of the complaint.

173.    Deny the allegations set forth in paragraph "173" of the complaint.

174.    In response to the allegations set forth in paragraph "174" of the complaint, defendant repeats and realleges paragraphs "1" through "173" of this answer as if fully set forth herein.

175.    Deny the allegations set forth in paragraph "175" of the complaint.

176.    Deny the allegations set forth in paragraph "176" of the complaint.

177.    In response to the allegations set forth in paragraph "177" of the complaint, defendant repeats and realleges paragraphs "1" through "176" of this answer as if fully set forth herein.

178.    Deny the allegations set forth in paragraph "178" of the complaint.

179.    Deny the allegations set forth in paragraph "179" of the complaint.

180.    In response to the allegations set forth in paragraph "180" of the complaint, defendant repeats and realleges paragraphs "1" through "179" of this answer as if fully set forth herein.

181.    Deny the allegations set forth in paragraph "181" of the complaint.

182.    Deny the allegations set forth in paragraph "182" of the complaint.

183.    In response to the allegations set forth in paragraph "183" of the complaint, defendant repeats and realleges paragraphs "1" through "182" of this answer as if fully set forth herein.

184.    Deny the allegations set forth in paragraph "184" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

185.    Deny the allegations set forth in paragraph "185" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

186.    In response to the allegations set forth in paragraph "186" of the complaint, defendant repeats and realleges paragraphs "1" through "185" of this answer as if fully set forth herein.

187.    Deny the allegations set forth in paragraph "187" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

188.    Deny the allegations set forth in paragraph "188" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

189.    Deny the allegations set forth in paragraph "189" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

190.    In response to the allegations set forth in paragraph "190" of the complaint, defendant repeats and realleges paragraphs "1" through "189" of this answer as if fully set forth herein.

191.    Deny the allegations set forth in paragraph "191" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

192.    Deny the allegations set forth in paragraph "192" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

193.    Deny the allegations set forth in paragraph "193" of the complaint insofar as they relate to defendants Kenney and Rossy, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## <u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>:

194.    The complaint fails to states a claim upon which relief can be granted.

## <u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>:

195.    Defendants Rossy and Kenney have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants Rossey and Kenney violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

196.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and/or co-defendant Ruster and was not the proximate result of any act of defendants Rossy and Kenney.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

197.    To the extent that plaintiff has asserted any claims pursuant to state law against defendants Rossy and Kenney, they are barred for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

198.    At all times relevant to the incident alleged, defendants Rossy and Kenney acted reasonably and in their proper and lawful exercise of their discretion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

199.    Defendants Rossy and Kenney have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

200.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

201.    Plaintiff's claims may be barred in part by the applicable period of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

202.    Because plaintiff has elected to pursue a state court action arising out of the same transaction or occurrence there should be a stay of this action pending resolution of the state court action.

**WHEREFORE,** defendants Kenney and Rossy request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              January 22, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants Rossy and Kenney
                              100 Church Street, Room 3-143
                              New York, New York 10007
                              (212) 788-0991

                              By:        /s
                                   _____
                                   Michael Chestnov
                                   Assistant Corporation Counsel
                                   Special Federal Litigation Division

TO:    James I. Meyerson, Esq.
       Attorney for plaintiff
       64 Fulton Street, Suite 502
       New York, NY 10038 (Via E.C.F. and First Class Mail)

       Mark D. Speed, Esq.
       Attorney for defendant Ruster
       60 East 42nd Street, Suite 1563
       New York, NY 10165 (Via First Class Mail)

## DECLARATION OF SERVICE BY MAIL

I, MICHAEL CHESTNOV, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on January 22, 2008, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the States of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

James I. Meyerson, Esq.
Attorney for plaintiff
64 Fulton Street, Suite 502
New York, NY 10038

Mark D. Speed, Esq.
Attorney for defendant Ruster
60 East 42nd Street, Suite 1563
New York, NY 10165

Dated:       New York, New York
             January 22, 2008

_____
            /s

MICHAEL CHESTNOV
ASSISTANT CORPORATION COUNSEL

Index No.  08 Civ.0004 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK JOSEPH,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT DETECTIVE
RICHARD KENNEY, *et al.*,

Defendants.

**ANSWER ON BEHALF OF DEFENDANTS ROSSY
AND KENNEY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Rossy and Kenney*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Michael Chestnov*
*Tel:  (212) 788-0991*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................................................................................., 200...*

*................................................................................................................. Esq.*

*Attorney for ............................................................................................................*